UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JODY ALAN HOWLAND,

        Petitioner,                      Case No. 1:19-cv-143

v.                                           Honorable Robert J. Jonker

MATT MACAULEY,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. The Respondent has filed an answer (ECF No. 22) along with the state-court record (ECF Nos 23-1-23-7), pursuant to Rule 5, Rules Governing § 2254 Cases. After reviewing the state court record, I conclude that the amended petition is barred by the one-year statute of limitations. Petitioner has filed a motion to stay these proceedings and hold them in abeyance (ECF No. 28). I conclude Petitioner's motion to stay should be denied.

## Discussion

### I.    Factual Allegations

Petitioner Jody Alan Howland presently is incarcerated at the Michigan Reformatory in Ionia, Michigan. On April 25, 2016, Petitioner pleaded *nolo contendere* in the Kent County Circuit Court to one count of first-degree criminal sexual conduct (CSC I), Mich. Comp. Laws § 750.520b(1)(f) (personal injury with force or coercion). At Petitioner's plea hearing, the prosecutor provided the following factual basis in support of the plea:

> On February 9th of 2001, the victim in this case . . . was walking home from the Intersection Lounge on Wealthy Street. She walked from the Grand Rapids area

>into East Grand Rapids area, just into East Grand Rapids area. She noticed that there was someone following her. She crossed over from, I believe, the south side of the street, or north side of the street to the south side. Anyway, crossed the street, noticed that person continued to follow her across the street. She ducked behind the house at 1635 Wealthy Street, Southeast, in the city of East Grand Rapids, County of Kent, Grand Rapids, Michigan, pulled out her phone to call a friend because she was concerned about this person following her. She was then attacked, knocked down from behind, and this person had sexual intercourse with her, placing his penis in her vagina. [The victim] suffered personal injury, and the perpetrator of this offense used force or coercion to accomplish the penetration.
>
>Your Honor, this matter was investigated, uh, and eventually DNA was analyzed. Based on semen found in [the victim] that semen, or that once they put those numbers into the CODIS system, there was a hit. It was the defendant, Jody Alan Rowland's, DNA, according to the CODIS hit. Buckle swab was then obtained from the defendant. New DNA testing was done that indicated the DNA found in [the victim] was that of the defendant's.

(Plea Tr., ECF No. 23-1, PageID.220-221.) On May 5, 2016, the trial court sentenced Petitioner as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to a prison term of 35 to 55 years. The court had agreed to sentence Petitioner within the guidelines; 35 years was the maximum minimum permitted under the guidelines for a term-of-years sentence. (Plea Tr., ECF No. 23-1, PageID.219; Sentencing Tr., ECF No. 23-2, PageID.228.)

After being sentenced, Petitioner moved to withdraw his plea, claiming that his counsel rendered ineffective assistance because counsel did not investigate or discuss Petitioner's defenses to the claim, nor did counsel pursue a polygraph examination. Petitioner indicated that the sex—sex that was confirmed by DNA evidence—sex that resulted in bruising and a vaginal tear—sex that occurred outside, in Michigan, in February—was consensual. The trial court denied the motion. (Mot. Tr., ECF No. 23-5, PageID.295-300.)

Petitioner sought leave to appeal to the Michigan Court of Appeals raising three issues:

2

> I. Mr. Howland was prejudiced by his trial counsel's ineffectiveness for failing to discuss with his client any defenses, or the merits of any defenses, or any defense strategies, or whether or not his client should testify in his own defense, before convincing his client to plead no contest to the charges against him; the remedy for this ineffectiveness is plea withdrawal.
>
> II. Mr. Howland was never given the opportunity to exercise his statutory right to a polygraph, therefore his plea was not knowing and understanding.
>
> III. Mr. Howland was prejudiced by his attorney's ineffective assistance of counsel by failing to pursue and secure Mr. Howland's right to a polygraph examination.

(Pet'r's Appeal Br., ECF No. 23-6, PageID.307-308.) By order entered May 19, 2017, the court of appeals denied leave to appeal on May 19, 2017, for lack of merit in the grounds presented. (Mich. Ct. App. Am. Order, ECF No. 23-6, PageID.304.)

Petitioner then sought leave to appeal to the Michigan Supreme Court, raising the following issue:

> IV. The trial court abused its discretion for not allowing the appellant to withdraw his plea because it was not voluntary because he wanted to go to trial and prove his innocence, and that trial counsel was ineffective for making him feel he had no choice but [to] take the plea.

(Pet'r's Appl. for Leave to Appeal, ECF No. 23-7, PageID.419.) Petitioner's argument in the application, however, strayed beyond that issue to include the following issue:

> V. A guilty plea, which works as a waiver of numerous constitutional rights, cannot be truly voluntary if the defendant has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. [citation omitted] The sentencing transcripts of the Appellant shows that his plea is inadequate to show that Appellant was aware that he was pleading guilty to Criminal Sexual Conduct because he suffers from Bipolar Disorder, and is schizophrenic.

3

(*Id.*, PageID.426.)  The Michigan Supreme Court denied leave to appeal on November 29, 2017. (Mich. Order, ECF No. 23-7, PageID.433.)  Petitioner did not seek certiorari in the United States Supreme Court.  (Pet., ECF No. 2, PageID.5.)

Petitioner filed the instant habeas action on February 22, 2019, raising a single ground for relief:

> Petitioner's plea of nolo contendere was involuntary based on his mental illness (Bi-Polar) (Schizophrenia) (manic-depressive).

(*Id.*, PageID.7.)  The Court ordered Respondent to answer the petition.  (Order, ECF No. 10.) Thereafter, Petitioner filed a motion to amend his petition.  (Mot., ECF No. 11.)  By order entered September 30, 2019, the Court granted Petitioner's motion.  (Order, ECF No. 15.)

Petitioner's amended petition raised the following issue:

> Petitioner was denied the effective assistance of counsel when:
>
> A.   Counsel failed to discuss any available defenses, the merits of any defense, or any defense strategy prior to convincing him to plead no contest to the charges against him.
>
> B.   Counsel failed to pursue and secure Petitioner's statutory right to a polygraph examination, resulting in a no contest plea that was not knowing, intelligent, or understanding.

(Am. Pet., ECF No. 16, PageID.109.)

Respondent has answered the amended petition arguing, among other things, that the issues Petitioner raised in his initial petition and his amended petition are unexhausted.  (Resp. Answer, ECF No. 22, PageID.171.)  Respondent also argues that the issues raised in the amended petition are untimely because they do not relate back to the initial petition.  (*Id.*)

Petitioner sought, and was granted, an extension of time to respond to Respondent's answer.  Petitioner recently responded with a motion to stay these proceedings.  (Mot., ECF

4

No. 28.) Petitioner acknowledges that the issues he has raised in his amended petition are unexhausted. (*Id.*, PageID.444.) He also clarifies that the issues he seeks to raise in his amended petition are the only issues he is bringing before this Court; he is not raising the issue raised in his original habeas corpus petition or the issues he raised in the Michigan Supreme Court. (*Id.*, PageID.446.) Petitioner hopes to address Respondent's exhaustion and timeliness challenges with a single action: he is asking the Michigan Court of Appeals to reissue its order so that he can apply for leave to appeal again in the Michigan Supreme Court and exhaust his habeas issues in that court and then timely raise them here. (*Id.*)

## II.     Motion for stay

The stay and abeyance remedy Petitioner invokes is not intended for the circumstances presented by his petition. The remedy was adopted to address the circumstance where a petition was "mixed"—where it included exhausted and unexhausted claims. Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts were directed to dismiss mixed petitions—including exhausted and unexhausted claims—without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precluded future federal habeas review of the exhausted claims, particularly after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. Therefore, in the time required to exhaust the unexhausted claims, the previously exhausted claims might be rendered untimely.

To avoid that result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's amended petition, however, is not mixed (neither was his initial petition). It consists entirely of unexhausted claims. Moreover, it consists of claims that Respondent contends are already untimely.

## III.   Statute of limitations

Title 28, Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on November 29, 2017. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on February 27, 2018. Petitioner had one year from that date, to file his habeas application.

Petitioner filed his application on February 22, 2019, with five days remaining in his period of limitation. The one-year statute of limitations applies to each claim in a habeas application, as opposed to the application as a whole. *See Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007); *see also Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012). Therefore, the issue Petitioner raised in his initial petition—that his plea was involuntary because of mental illness— was timely. His amended petition, however, was not filed until April 30, 2019. The filing of his petition did not serve to toll the statute of limitations. *Duncan*, 533 U.S. at 181-82. Therefore, the amended petition claims were filed more than 60 days after the period of limitation expired.

Habeas petitions "may be amended . . . as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 states: "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the amendment

7

asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1). In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court rejected a broad reading of "conduct, transaction, or occurrence." The Court held: "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650. Moreover, "an overly broad application of the relation-back doctrine would contravene Congress's intent in enacting AEDPA 'to advance the finality of criminal convictions.'" *Hill v. Mitchell*, 842 F.3d 919, 922-26 (6th Cir. 2016) (quoting *Mayle*, 545 U.S. at 661). Indeed, in *Watkins v. Deangelo-Kipp*, 854 F.3d 846 (6th Cir. 2017), the Sixth Circuit considered whether a claim that trial counsel failed to order a psychiatric evaluation related back to a claim that trial counsel failed to investigate or raise a defense. The court concluded:

> Counsel's conduct in investigating before trial and presenting a defense to the jury during trial is a distinct "episode" from counsel's conduct in not requesting that the judge order a fifth psychiatric evaluation during trial. To read the original petition's language more expansively would contravene the Supreme Court's warning against construing "conduct, transaction, or occurrence" so broadly as to render meaningless AEDPA's statute of limitations. *See Mayle*, 545 U.S. at 662-64. Watkins' amended petition, therefore, does not relate back to the original petition.

*Watkins*, 854 F.3d at 850-851. The distinctions between the claims in Petitioner's case are even greater. Petitioner's amended petition habeas claims are wholly unrelated with respect to the time and type of facts supporting them compared to his initial claim that his plea was involuntary because of mental illness. Accordingly, Petitioner's amended petition does not relate back to the filing of his initial petition. The amended petition is untimely.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A

8

petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner does not specifically contend that he is entitled to equitable tolling or allege any facts or circumstances that would warrant its application in this case.  He complains that he was away in Texas during his state appellate proceedings; however, he was sentenced to life imprisonment in those proceedings before his Michigan appellate proceedings were even complete.  He offers nothing to suggest that he pursued his rights diligently while he was in Texas or upon his return.  It appears that he simply waited until the last minute to file his initial petition.

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

9

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). The claims raised in the amended habeas petition therefore are time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## IV. Petitioner's state court remedies

Because the claims raised in the amended petition are untimely, no purpose would be served by granting the stay that Petitioner requests. Nonetheless, Petitioner should continue to pursue the relief he seeks in the Michigan appellate courts. If Petitioner succeeds and the appellate court reissues its order so that Petitioner can raise his court of appeals' issues in the Michigan Supreme Court, his exhaustion problem is resolved and his timeliness problem is resolved as well. It would not render the present petition timely; but, Petitioner would have a new final judgment to attack by way of a new habeas corpus petition.

## V. Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

Moreover, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. I also recommend that Petitioner's motion for stay (ECF No. 28) be denied. Finally, I recommend that the Court not certify that an appeal would not be taken in good faith.

Dated: March 25, 2020                         /s/ Ray Kent
                                              United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).